IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAS MFG INC. and ALLAN D. BAIN, <br><br>Plaintiffs,<br><br>v.<br><br>SAFE LIFE DEFENSE LLC, and NICHOLAS GROAT,<br><br>Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | Case No.: 4:24-cv-002923<br><br>**MOTION TO DISMISS COUNTER-COUNTER CLAIM** |
| SAFE LIFE DEFENSE, LLC,<br><br>Counter-claimant,<br><br>v.<br><br>SAS MFG, INC., ALLAN D. BAIN,<br><br>Counter-defendants. | | |
| SAS MFG, INC. and ALLAN D. BAIN,<br><br>Counter-counter claimants,<br><br>v.<br><br>SAFE LIFE DEFENSE, LLC,<br><br>Counter-counter defendant. | | |

Pursuant to Fed. R. Civ. P. 12(b)(3), 12(f) and the Court's inherent authority, Defendant/Counter-Plaintiff Safe Life Defense, LLC ("Safe Life") moves the Court to dismiss the "counter-counter-claims" asserted by Plaintiffs SAS MFG, Inc. and Allan D. Bain ("Plaintiffs") on the grounds that they are asserted here in violation of a ███████████████████ in the relevant contract, and appear to be nothing more than a transparently abusive attempt to forum

1

shop in order to avoid a pre-existing state court action (commenced in the proper venue), filed by Safe Life before Plaintiffs commenced this litigation.

I.   **FACTS**

   A.   **Procedural History**

Plaintiff's Second Amended Complaint asserts claims under the Lanham Act for alleged (but denied) false advertising to the public. *See* CM/ECF No. 46.

On May 30, 2025, Safe Life responded to Plaintiffs Second Amended Complaint asserted a counter-claim under the Lanham Act. *See* Answer and Counterclaim, CM/ECF No. 49. On June 24, 2025 SAS Bain responded to the Safe Life counter-claim but also asserted a new "counter-counter-claim" against Safe Life, which is entirely based on a License Agreement entered into between SAS and Safe Life on October 23, 2023 ("License Agreement"), which is not the subject of Safe Life's counter-claims or any other causes of action asserted in this proceeding. Furthermore, the License Agreement contains ███████████████████████████████████████████████████████████████. *See* CM/ECF No. 52 at §§82-95.[1]

What's more, Plaintiffs' "counter-counter-claims" are duplicative of the claims and defenses *already pending in* Cause No. DC-24-07215; *Safe Life Defense, LLC v. SAS MFG, Inc.*; In the 95th Judicial District Court of Dallas County, Texas ("State Court Action"). The State Court Action—*which was properly filed in accordance with the* ███████████████—involves SAS's breach of the License Agreement and a declaratory judgment regarding the same.[2] *See* Affidavit

---

[1] The "counter-counter-claim" was not filed under seal or redacted even though it does discuss and quote from the License Agreement, likely waiving any remaining confidentiality. *See Order Granting Motion to Seal*, CM/ECF 51 (June 6, 20205). This Motion contains similar materials which Safe Life has redacted for public filing and submitted under seal, with a contemporaneous Motion to Seal.

[2] As Noted, Safe Life has submitted, under seal, the operative state court Amended Complaint and SAS's answer. The claims/allegations between Safe Life's pre-existing state court

of Travis Jones, attached as Exhibit 1 to this Motion; State Court Action Pleadings, attached to Under Seal Appendix, filed separately, at Exhibits 2 and 3. The State Court Action was originally filed on May 16, 2024. *Id.*

The State Court action is set for trial on December 1, 2025. Jones Aff. At ¶2.

### B.  The License Agreement Contains A Mandatory Forum Selection Clause

The License Agreement is the foundational document which gives rise to both Safe Life's claims in the State Court Action as well as Plaintiffs' counter-counter-claims asserted recently herein. The License Agreement at 15.9, contains the following mandatory provision:



*See* License Agreement, Exhibit 5 to Under Seal Appendix, at 15.9 (p.16) (emphasis added).

### III.  ARGUMENT

#### A.  Plaintiffs' "counter-counter-claims" should be dismissed

Plaintiffs' "counter-counter-claims" should be dismissed, as it belongs in the State Court Action pursuant to the ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Furthermore, Safe Life did not waive ▇▇▇▇▇▇▇▇▇ ▇▇▇▇ as none of its counter-claims asserted herein arise from the License Agreement or require

---

complaint and SAS/Bain's newly filed "counter-counter-claim" are essentially mirror images asserting breach of certain terms (each side accusing the other of breach and a judicial determination of the rights and obligations of the parties. *Compare* Second Amended Petition, Case No. DC-24-07215, 95th Judicial District, Dallas County, Texas, *with* ECF No. 52 ("counter-counter-claim").

this Court to interpretate or declare any rights or obligations pertaining to the License Agreement. Rather, Safe Life's counter-claims pertain to the fraud Plaintiffs perpetrated on the public and their customers and the resulting harm to Safe Life by drawing customers away from Safe Life. The State Court Action involves SAS' breach of the License Agreement and various representations made by Plaintiffs in order to induce Safe Life to enter into the License Agreement.

### i. The "counter-counter-claims" are not compulsory

As set forth hereinabove, there is no common nucleus of operative facts between the counterclaims asserted by Safe Life herein and the "counter-counter-claims" asserted by Plaintiffs, which involve a contract and performance thereunder. *See* ECF No. 46 and compare with Safe Life's Answer and Counter-claims, ECF No. 49. Accordingly, Plaintiffs' counter-counterclaims are not compulsory. Counter-claims arise out of the same transaction and occurrence as the original claim if: (1) the issues of fact and law raised by the claim and counterclaim largely are the same; (2) *res judicata* would bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule; (3) substantially the same evidence will support or refute plaintiff's claim as well as defendant's counterclaim; and (4) there is a logical relationship between the claim and the counterclaim. *Park Club, Inc. v. Resolution Trust Corp.*, 967 F.2d 1053, 1058 (5th Cir. 1992); *RPV, Ltd. as Tr. For Village Tr. v. Netsphere, Inc.*, 771 F. App'x 532, 535 (5th Cir. 2019); *Tank Insulation Int'l, Inc. v. Insultherm, Inc.*, 104 F.3d 83, 85-86 (5th Cir. 1997). The general rule in the Fifth Circuit is that a claim is compulsory if one of these tests is met. *RPV*, 771 F. App'x at 535; *Tank*, 104 F.3d at 86. Here, the Plaintiffs' "counter-counter-claims" arise out of totally different facts and law. There is no logical relationship between the two.[3]

---

[3] The Fifth Circuit has noted that "a counterclaim is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial

Instead, Plaintiffs; "counter-counter-claims" should have been filed in the State Court Action due to the forum selection clause and the fact that they are the mirror-image of the claims asserted by Safe Life. A compulsory-counterclaim must be asserted in the initial action and cannot be asserted in later actions; a party's failure to assert a compulsory counterclaim precludes that party from asserting it in later lawsuits. *Ingersoll-Rand Co. v. Valero Energy Corp.*, 997 S.W.2d 203, 207 (Tex. 1999) (citing TEX.R. CIV. P. 97(a) & (d)).

      **ii.    The License Agreement mandates that the "counter-counter-claims" be ▮▮▮▮▮▮▮▮▮▮▮▮▮**

The License Agreement contains a clear ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. It was this very provision that resulted in Safe Life commencing the State Court Action. Plaintiffs elected to pursue their (incorrect) federal Lanham Act claims separately in this District, which was their right as those do not pertain to the License Agreement. But they have no right to ignore the *material* terms of the License Agreement in order to forum shop.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See Pinto Tech. Ventures, L.P. v. Sheldon*, 526 S.W.3d 4218, 436 (Tex. 2017).

---

duplication of effort and time by the parties and the courts. When multiple claims involve many of the same factual issues, or the same factual and legal issues, or where they are offshoots of the same basic controversy between the parties, fairness and considerations of convenience and economy require that the counterclaimant be permitted to maintain his cause of action" *Diamond v. Termina Ry. Alabama State Docks,* 421 F.2d 228, 236 (5th Cir. 1970) (citing to Great Lakes Rubber Corporation v. Herbert Cooper Co., 3 Cir., 1961, 286 F.2d 631, 634). Here the opposite is true. The fact and law will be entirely different and *there was already pending* claims in Texas State Court to which the "counter-counter-claims were compulsory counterclaims. Fairness and considerations of convenience and economy all reside in favoring the state court forum over allowing these permissive "counter-counter-claims" here as well as respecting Safe Life's choice of forum for those contractual disputes.

5

Here, the "counter-counter-claims" all raise disputes arising out of the License Agreement and ███████████████████████████████████████████████████████ ███████████████████████. Accordingly, this Court must dismiss the "counter-counter-claims" as they violate of the ████████████████ License Agreement.

### iii.    The "counter-counter-claim" unduly complicates this proceeding

Additionally, even where there may be a basis for jurisdiction, this Court may decline to hear the "counter-counter-claim" under its inherent power to control its docket as it would unduly complicate the litigation. *Minute Man Anchors, Inc. v. Oliver Techs., Inc.*, 2005 U.S. Dist LEXIS 38634 at *5 (W.D.N.C. 205) (declining to entertain permissive counterclaims unrelated to patent infringement dispute as they would "unduly complicate this case."). *See also Agar Corp. v. Multi-Fluids Inc.*, WL 425474, at *4 (S.D. Tex. 1998). Other jurisdictions have agreed. See, for example, *Sec. & Exch. Comm'n v. Republic Nat. Life Ins. Co.*, 383 F. Supp. 436, 438 (S.D. N.Y. 1974)); *Garmin Ltd. v. TomTom, Inc.*, 2006 U.S. Dist. LEXIS 40701, 2006 WL 3377487, *1 (W.D. Wis. 2006) ("[T]his court has discretion to dismiss or sever permissive counterclaims when a case would become too complex or when a party would be prejudiced by the court's failure to dismiss or sever."); *Yassa v. EM Consulting Grp., Inc.*, 261 F. Supp. 3d 564, 567 (D. Md. 2017) ("entertaining the [claim and counterclaim] in the same case would unduly complicate the litigation"); *Kaye v. Pantone, Inc.*, 395 A.2d 369 (Del. Ch. 1978) ("A court has discretion to refuse to entertain a permissive counterclaim."); *Warren, Little & Lund, Inc. v. Max J. Kuney Co.*, 115 Wn.2d 211, 796 P.2d 1263, 1265 (Wash. 1990) (*en banc*) ("The court has discretion to dismiss or separate properly brought counterclaims only under certain circumstances, such as when trying the counterclaim in the original action would unduly prejudice the plaintiff's claim or would substantially complicate and burden the proceedings."). Accordingly, this Court should exercise

its inherent authority to dismiss these "counter-counter-claims" as unduly complicating this focused litigation and unfair and prejudicial to the already pending state court contractual claims so that *all* of those contractual claims may be adjudicated in first-filed forum.

### iv. Plaintiffs appear to be forum shopping

Alternatively, federal courts routinely decline to hear duplicative actions when there is a first-filed state court proceeding and the defendant below engaged in forum shopping by filing a duplicative declaratory claim in federal court. *See, e.g., Brillhart v. Excess Inc. Co. of America*, 316 U.S. 491, 62 S.Ct. 1173 (1942). While *Brillhart* and its progeny have been applied in the context of duplicative claims for declaratory relief, its rational and underlying principles are equally applicable to both the declaratory claim and the breach of contract claim asserted in the unique situation of the "counter-counter-claims." Under *Brillhart*, the Supreme Court held that "it would be uneconomical as well as vexatious for federal court to proceed in a declaratory judgment suite where another suit is pending in a state court, not governed by federal law, between the same parties." 316 U.S. at 495. Factors that should be considered include:

> [1)] whether there is a pending state action in which all of the matters in controversy may be fully litigated, 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, 3) whether the plaintiff engaged in forum shopping in bringing the suit, 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, 5) whether the federal court is a convenient forum for the parties and witnesses, 6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy, and [(7)] … whether the federal court is being called to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 591 (5th Cir. 1994) (cleaned up). These factors consider such interests as fairness and efficiency. Fairness relates to whether the party is improperly or

abusively forum shopping. *Sherwin-Williams v. Holms Cnty.*, 343 F.3d 383, 391 (5th Cir. 2003). Efficiency is aimed at avoiding duplicative and piecemeal litigation when possible. *Sherwin-Williams,* 343 F.3d at 391 - 392 (analyzing the *Trejo* factors).

Here, the pending State Action will clearly resolve all matters in controversy regarding the Licensing Agreement, its terms, and determine the cross-allegations of breach and damages. Indeed, SAS/Bain are obliged to assert the same claims they assert here as "counter-counter-claims" as compulsory counter-claims in the State Action or they will be forever barred. SAS/Bain knew of the pending action when they asserted these "counter-counter-claims" here, and it is obvious that their goal is to forum shop and deprive Safe Life of its choice of forum and nullify the forum selection provision in the License Agreement. To be sure, there is no large inconvenience in litigating in this Southern District vs. the courts located in Dallas/Ft. Worth, ███████████████████████████████████████████████████████████████████████████. There is no economy served by retaining the "counter-counter-claims. Doing so will not moot the State Action, but will result in two courts considering and determining the contract issues between the parties, when such issues are not necessary for the determination of the federal law Lanham Act claims asserted by the parties here. While it is true that *Brillhart* abstention is applied for abusive declaratory claims filed in federal court when there are state court proceedings (filed or expected), the Court has no less an interest in preserving and protecting its docket, and avoiding duplicative forum shopping litigation when there is an already pending state court proceeding on the same issues.[4]

---

[4] However, the 5th Circuit has said that when there are combined declaratory and non-declaratory claims, the analysis must include *Colorado River*, discussed *infra*. *Kelly Inv. Inc., v. Cont'l Common Corp.*, 315 F.3d 494, 497 n.4 (5th Cir. 2002). In this instance, this is a unique action where SAS/Bain are the plaintiffs on a pure federal issue regarding false advertising under the Lanham Act with parallel counter-claims asserted by Safe Life. The License Agreement issues turn

        **v.**       **This Court should abstain from the issues pending in the State Court Action.**

Finally, while the above provides ample grounds for the dismissal of the "counter-counter-claims," to the extent the Court concludes that an analysis of *Colorado River*[5] abstention is needed, that doctrine also supports the dismissal requested here.

"A court may abstain from a case that is part of parallel, duplicative litigation typically only under 'exceptional' circumstances." *Kelly Inv. Inc., v. Cont'l Common Corp.*, 315 F.3d 494, 497 (5th Cir. 2002) (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 818, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976)). The factors considered in determining the appropriateness of abstaining under *Colorado River* are:

> (1) assumption by either court of jurisdiction over a res, (2) relative inconvenience of the forums, (3) avoidance of piecemeal litigation, (4) the order in which jurisdiction was obtained by the concurrent forums, (5) to what extent federal law provides the rules of decision on the merits, and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.

*Diamond Offshore Co. v. A & B Builders, Inc.*, 302 F.3d 531, 540 n.6 (5th Cir. 2002). This list, however, is not applied in a mechanical way. Rather, analysis requires "careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983).

---

on different facts, and different law, and there is nothing efficient in abstaining from the declaratory action, because that is the fair and proper result to resist SAS/Bain's obvious forum shopping and promote efficiency in deferring to the first-filed State Action, but retain the breach of contract "counter-counter-claim" in derogation of ▮▮▮▮▮▮▮▮▮▮▮▮ only promotes inefficiency and rewards SAS/Bain for gamesmanship.

[5] *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-19 (1976); *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650 (5th Cir. 2000).

Notwithstanding the preference for exercising jurisdiction, the unusual nature of the "counter-counter-claims" to import into this narrow federal action involving cross allegations of violation of the Lanham Act pertaining to false advertising, presents just the sort of "exceptional circumstances" which warrant abstention. While there is no real property at issue, there is the License Agreement which addresses ▮▮▮▮▮ While the inconvenience of the Southern District of Texas vs the courts in the Dallas/Ft. Worth area is negligible, this factor should be considered ▮▮▮▮▮

▮▮▮▮▮. Given the parties own contractual s▮▮▮▮▮ great weight should be given to this factor in favor of abstention. Avoidance of piece meal litigation further weights in favor of abstention. There is a prior filed action, commenced in compliance ▮▮▮▮▮, pending in state court. That action can provide complete adjudication of the issues and claims arising out of the terms of the License Agreement, their interpretation and evaluate of breach. This action can provide complete adjudication of the federal false advertising claims between the parties. Adding those contract-based claims here only serves to promote piece meal litigation (and particular in light of the fact that SAS has not asserted counterclaims in the state court action, which are compulsory claims there). The contract claims in the State Court Action will be decided under Texas contract law, not federal law, as even in federal court, if jurisdiction is based on diversity, state law provides the applicable law. *Wiley v. State Farm Fire & Cas. Co.,* 585 F.3d 206, 210 (5th Cir. 2009) (applying state law to a claim filed

in federal court when the cause of action is for a breach of contract).[6] And there is no question that the State Action proceedings are adequate to protect the rights of the parties to the License Agreement.

Safe Life understands that there is a strong policy of exercising federal jurisdiction when it exists absent extraordinary circumstances. These "counter-counter-claims" present just such an extraordinary circumstance. The factors considered are not hard and fast mechanical rules, and the totality of circumstances of this action favor not expanding these proceedings, involving purely questions of federal law under federal statutes, when there is an adequate, already pending, State Action focused on these separate contractual disputes. Particularly so when SAS has not attempted to assert those claims in the State Action (as compulsory counterclaims) and is clearly attempting to subvert the parties ████████████████████████ in the License Agreement.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

---

[6] While the License Agreement mentions US Code, which is a federal code, Plaintiffs' "counter-counter-claim" does not allege any violations of the US Code.

## CONCLUSION

It is for these reasons that the Court should dismiss the declaratory "counter-counter-claim" given the unique procedural posture in which they have been asserted; dismiss the breach of contract claim as it violates the ███████████████ provision of the License Agreement and unduly expands and complicates this Proceeding.

Respectfully submitted,

**Shackelford, McKinley & Norton, LLP**

/s/ Marianne G. Robak, Esq.
Martha Hardwick Hofmeister
State Bar No. 08981500
9201 N. Central Expressway, Fourth Floor
Dallas, Texas 75231
Tel: 214-780-1400; Fax: 214-780-1401
Email: mhofmeister@shackelford.law
Marianne G. Robak
State Bar No. 24048508
717 Texas Avenue, 27th Floor
Houston, Texas 77002
Tel: 832-415-1801; Fax: 214-780-1401
Email: mrobak@shackelford.law

HOWARD & HOWARD ATTORNEYS

Todd E. Kennedy, Esq. Pro Hac Application Pending
tkennedy@howardandhoward.con
Joanna M. Myers, Esq. Admitted Pro Hac Vice
jmm@h2law.com
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, NV 89169
Tel: 702-667-4828; Fax: 702-567-1568

**ATTORNEYS FOR DEFENDANT SAFE LIFE DEFENSE LLC AND NICHOLAS GROAT**

## CERTIFICATE OF SERVICE

      I hereby certify that, on this the 15th day of July, a true and correct copy of the above and foregoing instrument has been served in accordance with the Federal Rules of Civil Procedure.

      <u>Marianne G. Robak, Esq</u>