Case 3:25-cv-03302-N   Document 70   Filed 12/01/25   Page 1 of 5   PageID 529

United States District Court
Southern District of Texas
**ENTERED**
December 01, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAS Mfg. Inc., and<br>Allan D. Bain,<br>　*Plaintiffs*,<br><br>v.<br><br>Safe Life Defense, LLC, and<br>Nicholas Groat,<br>　*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action H-24-2923 |

## ORDER SEVERING AND TRANSFERRING CLAIMS

Pending before the court is Defendant Safe Life Defense, LLC's (Safe Life) Motion to Dismiss Counter-Counter Claim, ECF No. 55.[1] The parties consented to the jurisdiction of the undersigned magistrate judge for all purposes, including entry of final judgment. ECF Nos. 66 and 67. The motion is **GRANTED in part and DENIED in part**.

### 1. Background

SAS Manufacturing, Inc. d/b/a Stealth Armor Systems (SAS) and its CEO Allan Bain (together, Plaintiffs) filed suit against Safe Life Defense, LLC (Safe Life) and its CEO Nicholas Groat (together, Defendants) for violations of the Lanham Act. ECF No. 1. Plaintiffs allege in their Second Amended Complaint that they manufacture and sell the patented HEXAR flexible rifle armor. ECF No. 46 at 6. Safe Life offers a similar flexible rifle armor product. *Id.*

Plaintiffs allege that Safe Life and Groat made false and misleading representations about the nature, characteristics, and

---

[1] The redacted, unsealed version of the Motion to Dismiss, ECF No. 53, is also pending. The court only refers to the sealed, unredacted motion for clarity.

qualities of the protective coverage area and weight of Safe Life's products in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). ECF No. 46 at 11. In their Answer, Safe Life and Groat filed two counterclaims alleging that SAS and Bain made false representations as to the (1) origin and (2) testing of SAS's products in violation of the same Lanham Act provision. ECF No. 48-1 at 17–18.

In their Answer to Safe Life and Groat's counterclaims, SAS and Bain allege their own counterclaims (which the parties refer to as "counter-counterclaims"). ECF No. 52. The court refers to Plaintiffs' claims asserted in ECF No. 52 as the contract claims. SAS and Bain's contract claims are related to a 2023 License and Manufacturing Agreement (the Licensing Agreement) between SAS and Safe Life. *Id.* at 11–12; ECF No. 55-5. SAS and Bain bring claims for breach of contract and seek declaratory judgment that Safe Life failed to comply with the Licensing Agreement. *Id.* at 11–12.

The Licensing Agreement allows Safe Life to make, use, sell, offer to sell, and promote specific categories of SAS's patented HEXAR intellectual property. ECF No. 55-5 at 7, 37. The Licensing Agreement also states that:

> The Parties shall attempt to resolve any disputes between them arising out of this Agreement through good faith negotiations. In the event the Parties cannot resolve a dispute within thirty (30) days after one Party has given the other Party written notice of the existence of the dispute, such dispute shall be exclusively settled by either binding arbitration if the parties agree or in state or US Federal Court located in Dallas/Ft. Worth Texas.

*Id.* at 31.

Safe Life now moves to dismiss the contract claims pursuant to Rules 12(b)(3) and 12(f). ECF No. 55. The parties have also

2

informed the court that, in addition to the contract claims pending before the undersigned, a lawsuit is currently pending in state court regarding breach of the Licensing Agreement. ECF No. 53-1 (stating that the case is set for a trial term beginning December 1, 2025, in the 95th Judicial District Court of Dallas County); ECF No. 63 at 2, 5.

### *2. Legal Standard and Analysis*

Safe Life seeks dismissal of the contract claims for improper venue under Rule 12(b)(3) and pursuant to the court's inherent authority and Rule 12(f). ECF No. 55 at 1. Safe Life argues that the contract claims are subject to a mandatory forum selection provision in the Licensing Agreement. *Id.*

The Supreme Court has clarified that Rule 12(b)(3) is not an appropriate procedural vehicle to enforce a forum selection clause. *Atl. Marine Constr. Co., v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 52, 55 (2013). Instead, where venue is proper under federal venue statutes, 18 U.S.C. § 1404(a) provides the proper mechanism for enforcement of forum selection clauses that point to a particular federal district. *Id.* at 59.

Although Safe Life did not move for transfer under § 1404(a), "[a] transfer of venue may be made upon the motion of any party or by the court *sua sponte*." *Thomas v. Joule Processing LLC*, No. 23-CV-1615, 2023 WL 8437634, at *2 n.3 (S.D. Tex. Dec. 5, 2023) (quoting *Empty Barge Lines II, Inc. v. Dredge Leonard Fisher*, 441 F. Supp. 2d 786, 789 (E.D. Tex. 2006)). It appears that, aside from the forum selection clause, venue is otherwise proper in this court. No party argues otherwise. Thus, although Safe Life moves for dismissal under 12(b)(3), the court finds that § 1404(a) is the correct vehicle for analyzing whether the contract claims should be transferred due to the forum selection clause.

3

"[P]roper application of § 1404(a) requires that a forum-selection clause be 'given controlling weight in all but the most exceptional cases.'" *Atl. Marine Constr. Co.*, 571 U.S. at 59–60 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring)). "[A]s the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.* at 63.

The Licensing Agreement states that any disputes arising out of the agreement shall be resolved in state or federal court in Dallas or Fort Worth, Texas. ECF No. 55-1 at 31. Safe Life argues that SAS and Bain's contract claims should be dismissed because they are subject to the forum selection clause and because there is no common nucleus of operative facts between the contract claims and the Lanham Act claims. ECF No. 55 at 3–6. SAS and Bain argue that the Licensing Agreement "stipulates a venue in which no party is a resident or domicile[d.]" ECF No. 63 at 5.

To the extent that SAS and Bain argue that their contract claims should not be transferred because the stipulated forums are inconvenient, their argument is not persuasive. "When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations." *Atl. Marine Constr. Co.*, 571 U.S. at 66. The Licensing Agreement includes negotiated terms to which the parties agreed. While Bain is not a party to the Licensing Agreement, he signed it on behalf of SAS, as SAS's Chief Operating Officer. ECF No. 55-5 at 35. SAS and Bain have failed to show that the forum selection clause is unenforceable or invalid. SAS and Bain have also failed to show that enforcement of the forum selection clause would be unreasonable.

The contract claims appear to be unrelated to the Lanham Act claims. No party has shown that any provision of the Licensing Agreement would impact any claim or defense under the Lanham Act. No party argues that the court must interpret a provision of the Licensing Agreement to resolve the Lanham Act claims. SAS and Bain argue that "some of the information that allegedly forms the basis of Safe Life Defense LLC's Lanham Act claim were [sic] learned by [sic] because of the License Agreement." ECF No. 63 at 4. That argument does not alter the court's conclusion.

The court finds that SAS and Bain's contract claims for breach of the Licensing Agreement and for declaratory relief should be severed and transferred to the Northern District of Texas, Dallas Division pursuant to the forum selection clause. Accordingly, the Southern District of Texas is not the proper forum to resolve Defendants' remaining arguments. Defendants' abstention arguments are better resolved in the forum mandated by the Licensing Agreement. The court is not aware of any final judgment in the state court case that would prevent the claims from being heard in the correct federal forum.

### 3. Conclusion

Safe Life's Motion to Dismiss, ECF Nos. 53 and 55, is **GRANTED in part**. SAS and Bain's counter-counterclaims in ECF No. 52 are severed and transferred to the Dallas Division of the Northern District of Texas.

Signed at Houston, Texas on December __1__, 2025.

_____
Peter Bray
United States Magistrate Judge